WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gabriel Canales Corral,

      Plaintiff,

vs.

Maricopa County Sheriff's Office, et al.,

      Defendants.

No. CV-13-00054-PHX-GMS (SPL)

**ORDER**

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 29). Defendants have filed a response (Doc. 32), to which Plaintiff has filed a reply (Doc. 37). The motion will be granted, and the Court will call for an answer from Defendants Karac, Vasquez, and Mora.[1]

**I.     Motion for Leave to Amend**

On January 9, 2013, Plaintiff, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's Complaint in an Order (Doc. 7) filed on April 17, 2013. In the screening order, the Court found that Plaintiff stated a claim against Defendants Vasquez and Karac (*id.*), and Defendants filed an Answer on July 19, 2013 (Doc. 16). On September 17, 2013, Plaintiff moved for leave to file an amended complaint pursuant to

---

[1] The Court notes that although Plaintiff's First Amended Complaint (Doc. 29, pp. 8-15) is captioned "Gabriel Corral" vs. "Maricopa County Sheriffs Office et. al. [*sic*]," Plaintiff does not name the Maricopa County Sheriff's Office as a defendant.

Rule 15(a) of the Federal Rules of Civil Procedure, and has lodged a proposed First Amended Complaint (Doc. 29).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Granting or denying a motion to amend is a matter within the court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

In the proposed First Amended Complaint, Plaintiff alleges two counts for relief seeking monetary damages. For the reasons below, the Court finds that Plaintiff's claims, liberally construed, state a claim for relief. Therefore, the motion for leave will be granted. Further, to the extent that Plaintiff requests to amend his complaint without indicating in what respect the amended complaint "differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added" pursuant to Rule 15.1 of the Local Rules of Civil Procedure, the Court finds good cause and grants his request *in this instance only*.

Granting leave to amend, Plaintiff's First Amended Complaint supersedes the original complaint in its entirety. See *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987);

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir. 1992) (after amendment, the court treats the original complaint as nonexistent). Any cause of action raised in the original complaint but not raised in the first amended complaint is deemed waived. *See King*, 814 F.2d at 567.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 680.

But as the United States Court of Appeals for the Ninth Circuit has instructed,

courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). Nonetheless, while *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### III.   First Amended Complaint

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has

imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added).

In Count One, Plaintiff sues Detention Officers Fabian Vasquez and Vehid Karac. Plaintiff claims that Defendants Vasquez and Karac failed to protect him and acted with deliberate indifference to his safety and personal security in violation of the Fourteenth Amendment when he was assaulted by a cellmate on October 27, 2012. The factual allegations in Count One are essentially the same as those previously raised in the original complaint, which this Court found stated a claim. (*See* Doc. 7 at 3.) Consequently, the Court will require Defendants Vasquez and Karac to answer the First Amended Complaint.

In Count Two, Plaintiff sues Detention Officer Mora. Plaintiff alleges that Defendant Mora failed to protect him and acted with deliberate indifference to his safety and personal security in violation of the Fourteenth Amendment. Plaintiff alleges that, on February 22, 2013, Defendant Mora was assigned to Plaintiff's housing unit, and released Plaintiff from his cell to take a shower, alone. While Plaintiff was showering, Defendant Mora opened the door to another cell, at which point "another inmate ran out of the open cell to the shower and began assaulting the Plaintiff. Plaintiff was knocked to the concrete floor, beaten and was injured." (Doc. 29 at 13.) Plaintiff claims that Defendant Mora was "aware of the heightened risk to Plaintiff by observing the house alone and dayroom status of Plaintiff," but nonetheless opened the cell door, resulting in Plaintiff's injury. (*Id.*)

First, Defendants argue in response that Plaintiff fails to state a claim against Defendant Mora. (Doc. 32.) To the extent that Plaintiff alleges Defendant Mora acted negligently, the Court agrees, and finds that such claim is insufficient to state a cause of action. *See Farmer*, 511 U.S. at 835. However, in so far as Plaintiff alleges Defendant Mora was "subjectively aware of the heightened risk to Plaintiff" and acted or failed to act in a manner that resulted in his injuries (Doc. 29 at 13), liberally construed, Plaintiff

has stated a Fourteenth Amendment deliberate indifference claim against Defendant Mora.

Second, Defendants contend that Defendant Mora is not a proper party to be joined under Rule 20 of the Federal Rules of Civil Procedure. Despite Defendants' objection, the Court finds that interests of justice are served by joinder of Defendant Mora in this case, and will require him to answer the First Amended Complaint. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense.").

## IV. Service of Defendants

Because the First Amended Complaint states a claim against the three named defendants, the Court will require service on and an answer from each of them. The court docket reflects that two of the defendants, Defendants Vasquez and Karac, have already appeared in this action, through counsel, by answering the Complaint (Doc. 16). Plaintiff will therefore be ordered to serve his First Amended Complaint on Defendants Vasquez and Karac pursuant to Rule 5(b) of the Federal Rules of Civil Procedure by sending a copy to their attorney, along with a copy of this Order. The Court will direct the Clerk of Court to send Plaintiff a new service packet for Defendant Mora.

## V. Warnings

### A. Possible Dismissal

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice. *See Ferdik*, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any order of the Court).

### B. Address Changes

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve the Defendant, or counsel if appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Further Amendments

Any additional amendments require the Defendants' written consent or leave of the Court. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Filing of a second amended complaint without leave of court or the Defendants' consent may result in the filing being stricken.

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's Motion for Leave to Amend (Doc. 29) is **granted**;

(2) That **Defendants Vasquez, Karac, and Mora** must answer the First Amended Complaint, or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(3) That the Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and both a summons and request for waiver form for Defendant Mora;

(4) That Plaintiff shall complete and return the service packet to the Clerk of Court within 21 days of the date this Order is filed. The United State Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(5) That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and First Amended Complaint on Defendant Mora within 120 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed against him pursuant

7

to Fed. R. Civ. P. 4(m) and LRCiv 16.2(b)(2)(B)(i);

(6) That the United States Marshal shall retain the Summons, a copy of the First Amended Complaint and a copy of this Order for future use;

(7) That the United States Marshal shall notify Defendant Mora of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. **The Marshal shall file a waiver of service of the summons or request for waiver that was returned as undeliverable as soon as received. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:**

(a) personally serve copies of the summons, First Amended Complaint and this Order upon on Defendant Mora pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(8) **That if Defendant agrees to waive service of the summons and First Amended Complaint, he/she shall return the signed waiver forms to the United States Marshal, not the Plaintiff;** and

(9) That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike an answer or responsive

1 | pleading that does not identify the specific Defendant(s) by name on whose behalf it is
2 | filed.
3 | Dated this 23rd day of October, 2013.

*/s/ A. Murray Snow*

/G. Murray Snow
United States District Judge